UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00971-AH-(SSCx) | Date | February 6, 2026 |
| Title | *Eduardo Soto v. Universal Liquor Inc et al.* | | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER TO SHOW CAUSE**

The Complaint filed in this action asserts a claim for injunctive relief arising from an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51, *et seq.*, and other state law claims.  It appears that the Court possesses only supplemental jurisdiction over the Unruh Act claim, and any other state law claim that Plaintiff alleged.  *See* 28 U.S.C. § 1367(a).

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness, and comity."  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added) (internal quotation marks and citation omitted).  The Court therefore orders Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim and any other state law claim asserted in the Complaint.  *See* 28 U.S.C. § 1367(c).

In responding to this Order to Show Cause, Plaintiff shall identify the amount of statutory damages Plaintiff seeks to recover.  Plaintiff and Plaintiff's counsel shall also support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code sections 425.55(b)(1)–(2).  **Plaintiff shall file a Response to this Order to Show Cause within fourteen (14) days.** Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court's dismissal of the entire action without prejudice, or the Court declining to exercise supplemental jurisdiction over the Unruh Act and other state law claims, and dismissal of any such claims pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**